IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VADIM ZAKHARCHENDO,

    Petitioner,               No. CIV S-10-2154 JAM DAD P

    vs.

DOMINGO URIBE, JR., Warden,

    Respondent.          FINDINGS & RECOMMENDATIONS

                          /

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a judgment of conviction entered against him on January 18, 2008 in the Placer County Superior Court on charges of robbery in concert, burglary, false imprisonment, dissuading a witness, and using and possessing a firearm in connection with those crimes. He seeks federal habeas relief on the ground the trial court's failure to stay the sentence imposed on his false imprisonment conviction constitutes error under California Penal Code § 654. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

/////

/////

1

## FACTUAL AND PROCEDURAL BACKGROUND

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal[1], the California Court of Appeal for the Third Appellate District provided the following factual summary:

> On the afternoon of May 23, 2006, Elijah Fejeran, Semisi Vavae, Desario Wilson and defendant drove to Granite Bay in Fejeran's van for the purpose of committing a robbery. They parked the van in a residential neighborhood, defendant and Vavae got out and walked down the street to one of the homes, and the other two remained in the van. Defendant was armed with a handgun.
>
> Two teenage boys, E.J. and A.J., lived at the home with their mother, and their mother's cousin and aunt. E.J. and A.J. had just gotten home from school; there were no others in the house.
>
> A.J. was in the kitchen getting something to eat when E.J. heard a knock at the door and went to answer it. E.J. opened the front door and saw defendant standing there. Defendant asked for someone by a name E.J. did not recognize, and E.J. told him there was nobody there by that name. Defendant then pulled out a gun and pointed it at E.J. Defendant told Vavae, who was standing behind him, to watch E.J. while defendant went after E.J.'s brother.
>
> Defendant walked into the kitchen and ordered A.J. to lie down on the floor. He then yelled for Vavae to bring E.J. into the kitchen. Vavae took E.J. into the kitchen and told him to lie down on the floor near his brother and put his hands over his head. E.J. complied. The boys were told not to get up.
>
> Defendant gave Vavae the handgun and left him with the boys, while he walked through the house gathering up items to steal. At some point, defendant asked the boys where the money was kept, and A.J. directed him to a jar in the kitchen where their mother had money she was saving to buy them braces. The intruders found the jar, which contained approximately $7,000 in cash. Defendant also asked where their mother kept her jewelry, but the boys did not know.
>
> About an hour and a half after defendant and Vavae departed the van, they called Fejeran and directed him to drive to the victim's residence. Fejeran did so and backed the van up to the garage.

/////

---

[1] Notice of Lodging Documents on October 7, 2010 (Doc. No. 13), Resp't's Lod. Doc. 4 (hereinafter Opinion).

> Defendant and Vavae took the boys into a bedroom, tied their hands behind their backs, and secured them to a dresser. They told the boys that if they told anyone or called the police, they would have their friends blow up the house. Defendant and Vavae then loaded items into the back of the van and departed. The boys heard the garage door close.
>
> After the intruders departed, the boys were able to free themselves within 10 to 20 minutes. However, they did not call the police because of the threat to blow up their house. Instead, they went to a neighbor's house and called their mother who, at the time, was on her way home. The victim's [sic] mom called the police.
>
> A search of the home revealed that the intruders had taken the cash jar, $50,000 worth of jewelry, a laptop computer, a video game station, a movie projector, an air gun, and an ornamental dagger. Some of these items were later recovered from a pawnshop, where they had been left by defendant and another man two days after the robbery. The dagger was found during a search of defendant's home.

(Opinion at 2-4.)

Petitioner was convicted after a jury trial in Placer County Superior Court and sentenced to an aggregate prison term of 29 years and four months on January 18, 2008. He filed a timely notice of appeal on February 22, 2008. The judgment was affirmed by the Court of Appeal for the Third Appellate District in an unpublished opinion issued on April 13, 2009 and the California Supreme Court denied review on June 17 of that year. Petitioner filed the instant petition on August 11, 2010.

## ANALYSIS

I. <u>Standards of Review Applicable to Habeas Corpus Claims</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See <u>Wilson v. Corcoran</u>, 562 U.S. ___, ___, 131 S. Ct. 13, 16 (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the state court decision. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Nonetheless, "circuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2] Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ

---

[2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

4

simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 412. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S.___, ___,131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington,131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence

of any indication or state-law procedural principles to the contrary." Harrington, 131 S. Ct. at 784-85.  This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).  Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d).  Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable."  Himes, 336 F.3d at 853.  Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief."  Harrington, 131 S. Ct. at 784.

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo.  Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

II. Petitioner's Claim

Petitioner's sole articulated claim in his petition for federal habeas relief is that the trial court erred under the provisions of California Penal Code § 654 by refusing to stay the sentence imposed with respect to his false imprisonment conviction.  (Doc. No. 1 at 4.) Petitioner argues that since his purpose in restraining the victims was to prevent them calling the police immediately and to allow he and his fellow robbers time to abscond to safety with the stolen property, both the robbery and the false imprisonment were perpetrated with a single objective.  (Doc. No. 16 at 5)  In light of that single objective, he contends that imposition of multiple sentences was improper under California Penal Code § 654.

The California Court of Appeal rejected petitioner's argument, reasoning as follows:

> Section 654 reads in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) The purpose of section 654 is to assure a defendant's punishment is commensurate with his culpability. (*People v. Perez* (1979) 23 Cal.3d 545, 550-551.)
>
> "[S]ection 654 applies not only where there was but one act in the ordinary sense, but also where there was a course of conduct which violated more than one statute but nevertheless constituted an indivisible transaction." (*People v. Perez*, *supra*, 23 Cal.3d at p. 551.) On the other hand, "if the evidence discloses that a defendant entertained multiple criminal objectives which were independent of and not merely incidental to each other, the trial court may impose punishment for independent violations committed in pursuit of each objective even though the violations shared common acts or were parts of an otherwise indivisible course of conduct." (*People v. Liu* (1996) 46 Cal. App. 4th 1119, 1135.)
>
> * * *
>
> In *People v. Foster* (1988) 201 Cal. App. 3d 20 (*Foster*), the court upheld multiple punishments for robbery and false imprisonment where the defendant and an accomplice robbed a convenience store and locked the clerks and a customer in the store's cooler. (*Id*. At pp. 23, 28.) The court rejected the defendant's claim that the false imprisonment was merely incidental to the robbery, explaining: "The imprisonment of the victims occurred *after* the robbers had obtained all of the money, and therefore was not necessary or incidental to committing the robbery. Locking the victims in the store cooler was potentially dangerous to their safety and health. It is analogous to a needless or vicious assault committed after a robbery, which has long been held separately punishable and distinguishable from an assault which is merely incidental to robbery." (*Id*. At pp. 27-28.)
>
> * * *
>
> . . . [A] defendant's acts intended to facilitate their escape may cross the line into something that was neither necessary nor incidental to the robbery. The act of tying up the victims created a further risk to them similar to that experienced by the victims in *Foster*. It was no more necessary to tie up the victims here to give

7

          defendant and the others time to escape than it was to lock the
*Foster* victims in the cooler.

(Opinion at 4-5, 7-8, 9)

          Petitioner's claim of error based upon the alleged misapplication of California Penal Code § 654 does not provide the basis for federal habeas relief. As noted above, the federal writ is not available for alleged error in the application of state law, and habeas corpus cannot be utilized in federal court to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972). Challenges to a state court's interpretation of state law are not cognizable in a federal habeas corpus proceeding. See Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) ("[W]e have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'"); Rivera v. Illinois, 556 U.S. 148, 158 (2009) ("[A] mere error of state law . . . is not a denial of due process") (quoting Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982) and Estelle v. McGuire, 502 U.S. 62, 67, 72-73 (1991)); Bradshaw v. Richey, 546 U.S. 74, 76 (2005) "a state court's interpretation of state law . . . binds a federal court sitting in federal habeas"); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (federal habeas corpus relief does not lie for errors of state law).

          Specifically, federal habeas corpus relief is unavailable for alleged errors in the interpretation or application of state sentencing laws by either a state trial court or appellate court. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993); Miller v. Vasquez, 868 F.2d 1116 (9th Cir. 1989) (holding that whether assault with a deadly weapon qualifies as a "serious felony" under California's sentence enhancement provisions is a question of state sentencing law and does not state a federal constitutional claim). So long as a state sentence "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern." Makal v. State of Arizona, 544 F.2d 1030, 1035 (9th Cir.

1976). Finally, it is clear that the precise claim advanced by petitioner is not cognizable in these federal habeas proceedings. Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir.1989) (rejecting as not cognizable in a federal habeas proceeding a claim that the imposition multiple sentences for single act violated California Penal Code § 654); see also Castillo v. Clark, 610 F. Supp.2d 1084, 1119-20 (C.D. Cal. 2009) (rejecting as not cognizable a claim that the trial court had erred by staying instead of striking sentence enhancement under California Penal Code § 12022.53).

In his traverse, petitioner states that the claim he presents here is also based on the "laws or Constitution of the United States." (Doc. No. 16 at 6)  First, this would be a new claim, not raised in the petition filed with this court. Of course, a traverse is not the proper pleading in which to raise additional grounds for relief. Cacoperdo, 37 F.3d at 507; see also Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994) ("we review only issues which are argued specifically and distinctly in a party's opening brief").

Moreover, to the extent petitioner now seeks to implicate the Fifth, Sixth and Fourteenth Amendments to the U. S. Constitution in his traverse and Supporting Declaration (Doc. No. 16 at 6, Doc. No. 16-1 at 2), any such claims are unexhausted. State courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims. See Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.") (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)). In general, a federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived exhaustion unless the state, through counsel, expressly waives the

requirement. 28 U.S.C. § 2254(b)(3).

   A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008). A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based. See Wooten, 540 F.3d at 1025 ("Fair presentation requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the] asserted constitutional defect.'"); Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004) (same) (quoting Picard, 404 U.S. at 276)); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999). This requires petitioner to have "characterized the claims he raised in state proceedings specifically as federal claims." Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005) (emphasis in original) (internal citation omitted). "In short, the petitioner must have either referenced specific provisions of the federal constitution or cited to federal or state cases involving the legal standard for a federal constitutional violation. Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." Id. (quoting Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999)). Thus, a claim is unexhausted where the petitioner did not fairly present the factual or legal basis for the claim to the state court. See Picard, 404 U.S. at 275. "[I]t is not enough . . . that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). As a rule, the "mere similarity of claims is insufficient to exhaust." Duncan, 513 U.S. at 365-66.

   In this case, petitioner's argument before the California Court of Appeal and his application for review by the state Supreme Court were limited to the question of whether the sentence imposed by the state trial court violated California Penal Code § 654. See Resp't's Lod. Doc. 1 at 8-9; Resp't's Lod. Doc. 3 at 3; Resp't's Lod. Doc. 11 at 2-5. No federal constitutional claim was raised by petitioner before the state courts and no federal authorities were cited in

petitioner's challenge to his sentence. Rather, that challenge was limited solely to an alleged misapplication of state law. Therefore, any federal constitutional claims that petitioner now may seek to raise have not been properly exhausted and would be subject to dismissal by this federal habeas court in any event.[3]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: May 3, 2012.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:an
zakharchendo2154.hc

---

[3] Of course, a habeas petitioner may not "transform a state-law issue into a federal one" merely by asserting a violation of the federal constitution. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997). Rather, petitioner must show that the decision of the state courts somehow "violated the Constitution, laws, or treaties of the United States." Little v. Crawford, 449 F.3d 1075, 1083 (9th Cir. 2006) (quoting Estelle, 502 U.S. at 68). Here, petitioner has not done so.